UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN FUENTES, CDCR # BA-1693,<br><br>         Plaintiff,<br><br>v.<br><br>W. L. MONTGOMERY, et al.,<br><br>         Defendants. | Case No.: 20cv1942-LAB-RBM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a), and**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 1-3]** |

  Jonathan Fuentes, a state prisoner proceeding pro se, has filed a civil rights action (ECF No. 1), along with a copy of his inmate trust account statement, which the Court construes as a Motion to Proceed In Forma Pauperis ("IFP"), (ECF No. 2). Fuentes has also filed a Motion for Appointment of Counsel (ECF No. 3).

**I.      Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1)&(4). Subsequent payments, assessed at 20% of the preceding month's income, are collected in any month in which his account exceeds $10, and forwarded to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 85, 136 S. Ct. 627, 629 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report which indicates his account balance as of the date of the statement, but which is not attested to by a CDCR official. (ECF No. 2 at 1.) Accordingly, the Motion doesn't comply with 28 U.S.C. § 1915(a)(2) because it doesn't include a certified copy of his trust fund account statements or an "institutional equivalent" issued by CDCR officials attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action.

*See* 28 U.S.C. § 1915(a)(2); CivLR 3.2.b.  Without this accounting, the Court can't fulfill its statutory duty to assess the appropriate amount of the initial filing fee that may be required to further prosecute his case.  *See* 28 U.S.C. §1915(b)(1).  Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED WITHOUT PREJUDICE**.

## II.     Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel.  (ECF No. 3.)  He states that appointment of counsel is appropriate because he cannot afford counsel and due to the CDCR restrictions imposed under the Covid-19 pandemic, which have reduced his ability to utilize resources ordinarily available to him such as time in the prison law library or assistance from other inmates.  (*Id*. at 1-3.)

There is no constitutional right to counsel in a civil case.  *Lassiter v. Dept. of Social Servs*., 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  While 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to request an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances," *id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), and it necessarily depends upon Plaintiff's IFP status.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Because Plaintiff hasn't been granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) and (b) in this case and hasn't provided the Court with sufficient financial information to determine indigency, he isn't eligible for appointment of counsel pursuant to § 1915(e)(1) at this time.  Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## III.    Conclusion and Order

(1)     Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee as required by 28 U.S.C. § 1914(a).

(2) Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**. (ECF No. 3.)

(3) Plaintiff has forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(2) and CivLR 3.2(b). The Clerk of the Court will provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, the Court will order this action to be closed.[1]

**IT IS SO ORDERED.**

Dated: October 16, 2020

Hon. Larry Alan Burns
Chief United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.")