UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN FUENTES,<br>CDCR #BA-1693,<br><br>        Plaintiff,<br><br>vs.<br><br>Warden W.L. MONTGOMERY and<br>CORRECTIONAL OFFICERS<br>J. BELTRAN, L. MENIDIVIL and<br>J. SILLAS,<br><br>        Defendants. | Case No.: 20-cv-1942-LAB (RBM)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b); and**<br><br>**3) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

  Plaintiff Jonathan Fuentes, a California state prisoner incarcerated at Calipatria State Prison in Calipatria, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming his rights to due process and access to the courts were violated when his personal property, including legal materials, was removed from his cell and lost. (ECF No. 1.) This action was initially dismissed without prejudice for failure to pay the civil filing fee or file a motion to proceed in forma pauperis ("IFP"). (ECF No. 5.) Plaintiff has now filed an IFP motion and a motion for appointment of counsel. (ECF Nos. 6, 8.)

## I. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 83-84, 136 S. Ct. 627, 629 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official. (ECF No. 6 at 4.) The

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

document shows he had an average monthly balance of $0.02 and average monthly deposits of $0.00 for the 6-months preceding the filing of this action, and an available balance of $0.02 at the time of filing. (*Id.*)

The Court **GRANTS** Plaintiff's motion to proceed IFP, exacts no initial filing fee, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the [Fed. R. Civ. P.] 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Plaintiff's Allegations

In count one of the Complaint, Plaintiff claims a violation of his Fifth Amendment right to due process regarding the loss of personal property, and seeks an order directing the return of his property or payment of its monetary equivalent. (ECF No. 1 at 3.) He alleges that on October 29, 2018, he was placed in the Outpatient Housing Unit for medical observation due to an infection in his arm, and Defendants Calipatria Correctional Officers L. Menidivil and J. Sillas immediately inventoried the personal property in his vacated cell, which included legal materials such as law books, without notifying Plaintiff or providing him an Inmate Property Inventory Sheet. (*Id.*) He claims this violated prison regulations entitling inmates to see such an inventory and agree or dispute it lists all personal property. (*Id.*) He claims Defendant Calipatria Correctional Officer J. Beltran refused his repeated requests to have sales receipts for his legal books attached to the inmate grievance he filed regarding the loss of his property. (*Id.*)

In count two of the Complaint, Plaintiff claims his First Amendment right of access to the courts was violated by Defendant Calipatria Warden W.L. Montgomery's failure to take disciplinary action to curb the loss or destruction of his property, and by the deliberate indifference or reckless and callous indifference by Defendants Menidivil, Sillas and Beltran to the need to establish adequate procedures to protect property placed in their care for which they act as bailees. (*Id.* at 4.)

Plaintiff seeks monetary damages in the sum of $217.60, unspecified punitive damages, and an injunction preventing Defendants from taking personal property without the knowledge of the inmate and without providing a chance to claim the property with a signature of acknowledgement. (*Id*. at 7.)

### C.  Fifth Amendment Due Process Claim

In his first cause of action, Plaintiff alleges he was deprived of his personal property in violation of federal due process. (ECF No. 1 at 3.) When a state provides an adequate post-deprivation remedy for the taking of property, through a state tort action for example, the existence of that remedy satisfies the requirements of due process. *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). The Ninth Circuit has recognized that California law provides such a remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Although Plaintiff attempts to distinguish his situation by contending his request for the return or replacement of his property is a different remedy than money damages offered by a state tort claim (ECF No. 1 at 3), the Court is bound by Ninth Circuit authority finding money damages an adequate remedy sufficient to require dismissal of his requiring that his claim that Defendants deprived him of his personal property in violation of federal due process be dismissed for failing to state a claim upon which § 1983 relief may be granted. *See Elzy v. Duran*, 20cv545-JAH (BLM), 2020 WL 3034796, at *5 (S.D.Cal. June 4, 2020), citing 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915A(b).

### D.  First Amendment Access to Courts Claim

Plaintiff claims in his second cause of action he was denied access to the courts, presumably by the confiscation of legal materials and law books. (ECF No. 1 at 4.) Inmates have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state such a claim, Plaintiff must allege facts showing actual injury arising from the lack of access to his legal materials, that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. He must allege the loss of a "nonfrivolous" or "arguable"

underlying claim. *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Plaintiff has failed to satisfy any of those pleading standards with respect to his denial of access to courts claim, as he has not identified any underlying claim he was frustrated from presenting to the courts. Accordingly, his second cause of action alleging a denial of access to the courts is dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### E. Personal Participation

Plaintiff seeks to hold Defendant Montgomery, the Warden of Calipatria, liable for a failure to train or supervise the three Correctional Officer Defendants who allegedly personally deprived him of his property in violation of prison regulations. (ECF No. 1 at 4.) The simple role as a supervisory official is insufficient to support a personal misconduct claim under § 1983. *See Iqbal*, 556 U.S. at 677 ("[E]ach government official [in a § 1983 suit], his or her own title notwithstanding, is only liable for his or her own misconduct.") In order to state a § 1983 claim based on a failure to train, Plaintiff must allege Warden Montgomery "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014), citing *Connick v. Thompson*, 563 U.S. 51, 58 (2011). Even if the current Complaint satisfies that pleading standard, Plaintiff must also allege a pattern of similar constitutional violations because isolated incidents are insufficient to allege that Warden Montgomery was put on "notice that a course of training is deficient in a particular respect" and that "the absence of such a course will cause violations of constitutional rights." *Id*. The Complaint as presently drafted fails to allege facts which if proven would support a § 1983 claim against Warden Montgomery.

Accordingly, the Court also dismisses Plaintiff's Complaint as to Defendant Warden Montgomery for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b); *Iqbal*, 556 U.S. at 678.

**F.     Leave to Amend**

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III**.    **Motion for Appointment of Counsel**

Plaintiff also requests the Court appoint him counsel due to his indigence, his lack of education, and difficulty concentrating due to the effects of his medication. (ECF No. 8 at 1-2.)  All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)).  There is no constitutional right to counsel in a civil case; and Plaintiff's Complaint does not require the Court to exercise its limited discretion to request an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances may be found through a combination of likelihood of success on the merits and demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

Plaintiff's Complaint demonstrates that while not formally trained in law, he is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103.  In addition, for the reasons discussed above, Plaintiff has yet to show he is likely to succeed on the merits of the claims. The Court **DENIES** Plaintiff's Motion for Appointment of Counsel without prejudice.

## IV. Conclusion and Orders

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a). (ECF No. 6.)

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

5. **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for his use in amending.

6. **DENIES** Petitioner's Motion for Appointment of Counsel without prejudice. (ECF No. 8.)

**IT IS SO ORDERED**.

Dated: December 1, 2020

_Larry A. Burns_
Hon. Larry A. Burns
Chief United States District Judge