UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN FUENTES, CDCR #BA-1693,<br><br>                              Plaintiff,<br><br>vs.<br><br>WARDEN W.L. MONTGOMERY and CORRECTIONAL OFFICERS J. BELTRAN, L. MENIDVIL and J. SILLAS,<br><br>                              Defendants. | Case No.: 20cv1942-LAB (RBM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

On September 30, 2020, Plaintiff Jonathan Fuentes, a California state prisoner incarcerated at Calipatria State Prison in Calipatria, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming his rights to due process and access to the courts were violated when his personal property, including legal material, was removed from his cell and lost. (ECF No. 1.) On December 2, 2020, the Court granted Plaintiff leave to proceed in forma pauperis and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 9.) As a result of that screening, the Court dismissed the

Complaint for failure to state a claim upon which relief could be granted, ruling that the Fifth Amendment due process claim regarding the loss of property wasn't cognizable since: 1) an adequate state remedy was available; 2) Plaintiff failed to allege actual injury necessary to state a First Amendment access to courts claim; and 3) Plaintiff failed to allege Defendant Warden Montgomery's personal participation in the alleged constitutional violations. (*Id*. at 5-6.) The Court's order notified Plaintiff of these pleading deficiencies and granted leave to amend. (*Id*. at 7.) Plaintiff has now filed a First Amended Complaint ("FAC"). (ECF No. 10.)

## I.   Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding in forma pauperis, his FAC requires a pre-Answer screening. Under 28 U.S.C. §§ 1915(e)(2) and (b), the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Plaintiff's Allegations

In count one of the FAC Plaintiff claims a violation of his First Amendment right of access to the courts. (ECF No. 10 at 3.) He alleges that when he was placed in the Outpatient Housing Unit on October 29, 2018, Defendants Calipatria Correctional Officers L. Menidvil and J. Sillas conducted a property inventory of the personal property in his vacated cell, which included legal materials, but, in contradiction of prison regulations, failed to provide Plaintiff with an Inmate Property Inventory Sheet. (*Id*.) He alleges another inmate witnessed those two Defendants "maliciously laughing and joking [that] [h]e won't need this anymore" as they tore and destroyed his copy of the California Code of Regulations and four other books labeled, "LEGAL BOOKS." (*Id*.) He alleges those two Defendants were also observed throwing out "small hand size appliances," which included headphones and "trimmers." (*Id*. at 3-4.)

In count two of the FAC, Plaintiff claims a violation of his due process rights. (*Id*. at 4.) He alleges that on December 6, 2018, Defendant Calipatria Correctional Officer J. Beltran interviewed Plaintiff with respect to an inmate grievance he filed regarding the loss of his property. (*Id*.) Plaintiff mentioned during that interview he was missing legal books and other property, that the removal of his property from his cell was done in violation of prison regulations, and that a missing legal document—an internal prison staff complaint—was a material exhibit in a pending civil matter as it constituted proof of

interference with his ability to exhaust administrative remedies in that case. (*Id*.) He alleges no attempt was made to recover his missing property, including procedures required by prison regulations, despite his numerous efforts to claim his property. (*Id*.)

Finally, Plaintiff claims Defendant Calipatria Warden W.L. Montgomery was negligent in establishing procedures used to inventory and protect personal property of inmates and in failing to properly train correctional staff in that regard. (*Id*. at 5.) He claims Defendant Warden Montgomery's actions in training, supervision and control of his staff shows a reckless or callous disregard to the rights of others, and constituted negligence to his personal property in violation of the Fifth Amendment's guarantee he will not be deprived of life, liberty or property without due process of law. (*Id*.)

Plaintiff seeks monetary damages in the sum of $217.60, unspecified punitive damages, an order requiring Defendants to compensate Plaintiff for the value of his property and "all legal material that was not inventoried," and an injunction requiring Defendant Warden Montgomery or his agents to "immediately arrange for the plaintiff [to] be given a chance to re-open [Plaintiff's prior civil case] with explanation on why some of my legal material was not provided by C.D.C.R at that time." (*Id*. at 7.)

### C.   Fifth Amendment Due Process Claim

The Court previously dismissed Plaintiff's claim that his federal due process rights were violated by the loss or destruction of his personal property. When a state provides an adequate post-deprivation remedy for the taking of property (as California law does), the Court explained, the existence of that remedy satisfies the requirements of due process. (ECF No. 9 at 5, citing *Zinermon v. Burch*, 494 U.S. 113, 128 (1990), *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) and Cal. Gov't Code §§ 810-895.) The Court noted that although Plaintiff attempted to distinguish his situation by contending his request for the return or replacement of his property is a different remedy than money damages offered by a state tort claim, the Court was bound by Ninth Circuit authority requiring dismissal of his claim that California prison officials deprived him of his personal property in violation of federal due process. (*Id*.)

Plaintiff has made no attempt to cure this defect of pleading in the FAC, and his Fifth Amendment due process claim is again subject to dismissal for failure to state such a claim. 28 U.S.C. § 1915(e)(2); *Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915A(b). Because it is now clear Plaintiff cannot cure the pleading defects of this claim, the dismissal is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### D.   First Amendment Access to Courts Claim

The Court previously ruled that Plaintiff had failed to state an access to courts claim because he didn't allege "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim," resulting in the loss of a "non-frivolous" or "arguable" underlying claim. (ECF No. 9 at 5-6, citing *Lewis v. Casey*, 518 U.S. 343, 346-48 (1996) and *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002).) Plaintiff also failed to describe the nature of the underlying claim "as if it were being independently pursued." (*Id.* at 6, citing *Harbury*, 536 U.S. at 417.)

Plaintiff attempts to cure those pleading defects by alleging that he has a pending civil case, and that among his lost legal materials is a prison staff complaint, which he needs to show exhaustion of administrative remedies in that case. (ECF No. 10 at 4.) The case referenced, 17cv745-LJO-EPG (E.D. Cal.), is a 42 U.S.C. § 1983 prisoner civil rights action filed by Plaintiff in the Eastern District of California alleging excessive force in violation of the Eighth Amendment, an unreasonable search in violation of the Fourth Amendment, retaliation in violation of the First Amendment, and assault and battery.[1]

---

[1] The Court takes judicial notice of that case. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting that a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"), quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

The court in that case granted summary judgment against Plaintiff, finding that he had failed to exhaust his administrative remedies because he had failed to appeal the decision to cancel his inmate appeal as untimely. *See Fuentes v. Rodriguez*, 2019 WL 2191333 at *1, *8 (E.D. Cal., May 21, 2019), *aff'd*, 2020 WL 4963501 (9th Cir. July 21, 2020). Plaintiff contended in that case that, rather than file a separate inmate appeal, he re-submitted his inmate appeal No. WSP-0-17-00752 with a copy of the cancellation letter and an explanation as to why the untimely filing should be excused. *Id*. at *5. While he didn't have a copy of that re-submission and he never received a response to it, he provided a copy of the prison mail log showing that he mailed it to the appeals office. *Id*. This, he argued, established a genuine dispute over whether he had failed to exhaust his administrative remedies. *Id*. at *6. He now predicates his access to courts claim on prison officials' loss or destruction of his re-submission paperwork, which he contends prejudiced his ability to oppose summary judgment in the other case. (ECF No. 10 at 4.)

But it didn't matter whether Plaintiff submitted that paperwork or the mail log in its stead. The re-submission was "improper[]" under the applicable procedures, so it couldn't satisfy Plaintiff's obligation to exhaust his administrative remedies. *Fuentes*, 2019 WL 2191333 at *6. Even accepting as true the allegation that Defendants destroyed the re-submission documents, then, that destruction didn't deny Plaintiff access to the courts—his own failure to follow the appellate procedures did. *See id.* ("[T]hat Plaintiff improperly resubmitted the cancelled appeal . . . does not render the existing . . . administrative remedies effectively unavailable.") Nor can the destruction of books, without any allegation that the destruction caused some actual injury, support the access to courts claim. *See Lewis,* 518 U.S. at 348 (to state access to courts claim, plaintiff must allege facts showing actual injury arising from lack of access to legal materials).

Plaintiff's access to courts claim is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. It's now clear that Plaintiff can't cure the pleading defects of this claim, so this dismissal is without further leave to amend. *Rosati*, 791 F.3d at 1039.

### E.     Defendant Warden Montgomery

Plaintiff seeks to hold Defendant Montgomery, the Warden of Calipatria, liable for negligently failing to train or supervise the Correctional Officer Defendants who allegedly deprived him of his property in violation of the Fifth Amendment's Due Process Clause. (ECF No. 10 at 8.) Merely holding the role of supervisory official isn't enough to make that official liable under § 1983. *See Iqbal*, 556 U.S. at 677 ("[E]ach government official [in a § 1983 suit], his or her own title notwithstanding, is only liable for his or her own misconduct.") The Court's prior dismissal Order directed Plaintiff that, to state a § 1983 claim based on a failure to train, he must allege that Warden Montgomery aware of a pattern of similar constitutional violations sufficient to put him on "notice that a course of training is deficient in a particular respect." (ECF No. 9 at 6.) Plaintiff's FAC lacks any such allegations, so it again fails to allege facts which if proven would support a § 1983 claim against Warden Montgomery.

Plaintiff's claim for negligent training or supervision as to Defendant Warden Montgomery is dismissed for failure to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b); *Iqbal*, 556 U.S. at 678. And because it's clear that Plaintiff can't cure the pleading defects of this claim, the dismissal is without further leave to amend. *Rosati*, 791 F.3d at 1039.

### E.     Negligence Under California Law

Because the Court has dismissed all claims over which it has original jurisdiction, it has discretion decline to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") To the extent the FAC can be construed as including any state law negligence claim, the Court exercises that discretion and dismisses the negligence claim without prejudice for lack of jurisdiction. / / /

### III. Conclusion and Order

For all the reasons discussed, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted and declines to exercise supplemental jurisdiction over any state law negligence claim. Because Plaintiff hasn't been able to and won't be able to cure the pleading defects, he doesn't have further leave to amend.

**IT IS SO ORDERED**.

Dated: August 19, 2021

*Larry A. Burns*
Hon. Larry A. Burns
United States District Judge